IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § § § § § § | Chapter 11 |
| DRF LOGISTICS, LLC, *et al.*, |  | Case No. 24-90447 (CML) |
| Debtors.[1] |  | (Joint Administration Requested) |

**OMNIBUS MOTION OF DEBTORS FOR AN ORDER
(I) AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES
*NUNC PRO TUNC* TO PETITION DATE AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES. LEASE COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND LEASES IN THE SCHEDULE OF LEASES ATTACHED HERETO AS <u>SCHEDULE 1</u>.**

DRF Logistics, LLC and DRF, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DRF Logistics, LLC (6861) and DRF, LLC (7236). The Debtors' mailing address is 7171 Southwest Parkway, Bldg. 300, Suite 400, Austin, TX 78735.

**Background**

1. On August 8, 2024 (the "**Petition Date**"), the Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

3. On August 8, 2024, the Debtors, Pitney Bowes International Holdings, Inc. ("**PBIH**"), Pitney Bowes, Inc. ("**PBI**" and, together with its affiliates (as defined in the Bankruptcy Code), "**Pitney Bowes**"), and Oaktree Capital Management, L.P., and/or any of its affiliates or funds (collectively, "**Oaktree**"), entered into that certain *Restructuring Support Agreement* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits thereto, the "**RSA**"). Under the RSA, PBI, PBIH, and Oaktree have agreed, subject to the terms and conditions of the RSA, to vote in favor of and support confirmation of the *Debtors' Joint Chapter 11 Plan of Liquidation* (the "**Plan**"), filed contemporaneously herewith.

4. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Eric Kaup in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on the date hereof, and the *Declaration of Robin Chiu in Support of First Day*

2

*Motions and Applications*, sworn to on the date hereof (together, the "**First Day Declarations**"), which have been filed contemporaneously herewith and incorporated herein by reference.[2]

## Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6. By this Motion, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtors request (i) authority to reject certain unexpired leases (each, as amended or modified, a "**Lease**," and collectively, the "**Leases**") identified on **Schedule 1** to the Proposed Order (as defined below), effective as of the Petition Date and (ii) related relief.

7. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Unexpired Leases

8. As set forth in detail in the First Day Declarations, the Debtors' business has struggled as a result of increased competition, declines in demand for ecommerce services resulting from supply chain delays or interruptions affecting retail clients, and changes in retail consumer spending patterns. Although the Debtors undertook numerous operational initiatives to increase revenue and reduce costs, they were unable to eliminate ongoing losses. Accordingly, the Debtors determined that commencing these chapter 11 cases to conduct a value-maximizing liquidation process was the best path forward.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

9. Prior to the Petition Date, the Debtors and their advisors worked diligently to review the Debtors' executory contracts and unexpired leases to determine how to best achieve their wind-down objectives, including reducing the administrative burden on the Debtors' estates. As a result of that review, the Debtors weighed the ongoing cost of utilizing the Leases against the effect of rejecting such Leases and the resulting impact on the success of their chapter 11 objectives.

10. As set forth in the First Day Declarations, Debtors have determined that the costs incurred under the Leases constitute an unnecessary drain on the Debtors' limited resources. To that end, the Debtors have decided to reject the Leases for robotics supply and related equipment to avoid the incurrence of unnecessary expenses in recurring fees and maintenance costs related to the Leases. As such, Leases, which were used in the operation of the Debtors' business are no longer needed in connection with the Debtors' wind-down efforts.

11. The Debtors continue to review their outstanding executory contracts and unexpired leases and may file additional motions requesting authority to reject executory contracts and unexpired leases that are no longer needed by the Debtors' estates. To that end, the Debtors have concurrently filed the *Motion of Debtors for an Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief*, which, if granted, will streamline the Debtors' efforts in this regard by providing a set of procedures designed to balance counterparties' due process rights with the Debtors' need for efficient resolution of rejection matters as they wind down operations in these chapter 11 cases.

## Relief Requested Should Be Granted

**A.    Rejection of Leases Is a Sound Exercise of Debtors' Business Judgment**

12. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the

debtor." 11 U.S.C. § 365(a). The purpose behind section 365(a) of the Bankruptcy Code is to "relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 1993) (noting that rejection permits the debtor to renounce title to and abandon burdensome property).

13. Courts generally authorize debtors to reject unexpired leases and executory contracts where the debtors appropriately exercise their "business judgment." *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Invr's. v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.,* 318 U.S. 523, 550 (1943)); *In re Pisces Energy, LLC*, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009); *see also In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009) ("The general rule is that the decision to reject a given contract should be left to the trustee's (or debtor in possession's) sound business judgment."). The "business judgment" test merely requires a showing that rejection of an executory contract or unexpired lease will benefit the debtor's estate. *In re Idearc Inc.,* 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) (stating that the business judgment standard only "requires a showing that the proposed course of action will be advantageous to the estate.") (citation omitted). Third parties are generally not permitted to second-guess a debtor's business judgment concerning the rejection of an executory contract or unexpired lease. *See In re Pisces Energy*, 2009 WL 7227880, at *6 ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered."); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D.

Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.") (internal quotations omitted).

14. After evaluation and analysis, the Debtors, with the assistance of their independent legal and financial advisors, have determined that the Leases are no longer necessary for, or beneficial to, their business and impose unnecessary expenses on the Debtors' estates given that the Debtors are winding down operations and no longer need the equipment subject to the Leases. Additionally, as set forth in the First Day Declarations, the Debtors have determined that there is little, if any, likelihood that they will be able to realize value from the Leases because the Debtors do not believe value could be derived from assignment of the Leases. Accordingly, rejection of the Leases will avoid the incurrence of any additional, unnecessary expenses and will result in a net gain for the Debtors' estates. In light of the foregoing, the Debtors respectfully request that the Court approve the rejection of the Leases as a sound exercise of the Debtors' business judgment.

**B.     Rejection *Nunc Pro Tunc* to Petition Date Is Appropriate**

15. Under sections 365(a) and 105(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions."); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief noting the circumstances favored granting the relief); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("[A]

trustee's rejection of a lease should be retroactive to the date that trustee takes affirmative steps to reject said lease . . . ."); *see also In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (noting that "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1065–71 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied*, 546 U.S. 814 (2005). Courts examine a number of factors when considering whether to approve retroactive rejection, including the costs that a delayed rejection date would otherwise impose on a debtor. *See In re Jamesway Corp.*, 179 B.R. 33, 38–39 (S.D.N.Y. 1995).

16. Here, the balance of equities favors approving rejection retroactive to the Petition Date. *First*, the Leases do not provide any benefit to the Debtors' estates. *Second*, the Debtors filed this Motion with their clear intention to reject the applicable Leases. The Debtors have requested that the Court approve such rejections at the earliest possible opportunity (other than on an emergency basis). *Lastly*, the Debtors will cause notice of the Motion to be served on all counterparties to the Leases contemporaneously with the filing of the Motion, thus providing all affected parties adequate notice and sufficient opportunity to respond. In light of the foregoing, the balance of equities favors approving rejection retroactive to the Petition Date.

## Reservation of Rights

17. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, or

(vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder. The Debtors expressly reserve all of their rights with respect to the foregoing matters. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## Notice

18. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  August 9, 2024
       Houston, Texas

    /s/  Gabriel A. Morgan
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
         Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (*pro hac vice* pending)
Ronit J. Berkovich (*pro hac vice* pending)
Lauren Tauro (*pro hac vice* pending)
Alexander P. Cohen (24109739)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
         Ronit.Berkovich@weil.com
         Lauren.Tauro@weil.com
         Alexander.Cohen@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on August 9, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                         */s/ Gabriel A. Morgan*
                                                                          Gabriel A. Morgan