**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **DRF LOGISTICS, LLC**, *et al.*, | § | Case No. 24-90447 (CML) |
| | § | |
| | § | |
| Debtors.[1] | § | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR AN ORDER (I) APPROVING
PROCEDURES TO REJECT EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

DRF Logistics, LLC and DRF, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1. On August 8, 2024 (the "**Petition Date**"), the Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DRF Logistics, LLC (6861) and DRF, LLC (7236). The Debtors' mailing address is 7171 Southwest Parkway, Bldg. 300, Suite 400, Austin, TX 78735.

Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

3.      On August 8, 2024, the Debtors, Pitney Bowes International Holdings, Inc. ("**PBIH**"), Pitney Bowes, Inc. ("**PBI**" and, together with its affiliates (as defined in the Bankruptcy Code), "**Pitney Bowes**"), and Oaktree Capital Management, L.P., and/or any of its affiliates or funds (collectively, "**Oaktree**"), entered into that certain *Restructuring Support Agreement* (as may be amended, supplemented, or otherwise modified from time to time and including all exhibits thereto, the "**RSA**").  Under the RSA, PBI, PBIH, and Oaktree have agreed, subject to the terms and conditions of the RSA, to vote in favor of and support confirmation of the *Debtors' Joint Chapter 11 Plan of Liquidation* (the "**Plan**"), filed contemporaneously herewith.

4.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Eric Kaup in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on the date hereof, and the *Declaration of Robin Chiu in Support of First Day Motions and Applications*, sworn to on the date hereof (together, the "**First Day Declarations**"), which have been filed contemporaneously herewith and incorporated herein by reference.[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

## Jurisdiction

5.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6.      By this Motion, pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006, 6007, and 9014, the Debtors request (i) approval of procedures for rejecting certain executory contracts and unexpired leases and (ii) related relief.

7.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Executory Contracts and Unexpired Leases

**A.      Real Property Leases**

8.      The Debtors' business spans 14 facilities operating in 11 states (the "**Leased Premises**").  The Debtors utilize such facilities pursuant to unexpired leases of non-residential real property (together with any amendments or modifications thereto, the "**Real Property Leases**"). As part of these chapter 11 cases, the Debtors are in the process of winding down and liquidating their business and, as such, will need the remaining Leased Premises for a limited period of time. To avoid the incurrence of unnecessary expenses in monthly rent and maintenance costs of the Leased Premises, the Debtors plan to exit the remaining Leased Premises and reject the Real Property Leases.

**B.      Other Contracts**

9.      As of the Petition Date, the Debtors are party to certain other executory contracts and unexpired leases (the "**Other Contracts**").  These Other Contracts include agreements with vendors for the supply of goods or services, unexpired leases for the rental of

equipment related to the Debtors' shipping and mailing business, and agreements with customers to whom the Debtors provide delivery and returns services.

10.    The Debtors are evaluating all the Other Contracts to determine whether such Other Contracts should be rejected or retained and ultimately assumed and assigned to a third party in the event of a sale of some or all of the Debtors' assets.

11.    Absent the relief requested in this Motion, the Debtors would be required to file separate motions to reject each Other Contract, resulting in substantial costs to, and administrative burdens on, the Debtors' estates, as well as a substantial burden on the Court's docket.  Accordingly, as the Debtors wind-down plan progresses and identify Other Contracts that are no longer necessary or capable of being monetized, the Debtors seek to utilize streamlined procedures for the rejection of Other Contracts, rejection of the Real Property Leases, and abandonment of *de minimis* personal assets (such assets, the "**De Minimis Assets**") in connection therewith, as applicable.

## Proposed Rejection Procedures

12.    The Debtors thus seek approval of the following procedures with respect to the rejection of Real Property Leases and Other Contracts (the "**Rejection Procedures**"):

   a.    ***Rejection Notice***.    The Debtors will file one or more notices substantially in the form attached to the Proposed Order as Exhibit 1 (each, a "**Rejection Notice**") to reject Real Property Leases and Other Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice(s) will set forth (i) the Real Property Lease or Other Contract to be rejected, (ii) the Debtor(s) party to such Real Property Lease or Other Contract, (iii) the names and addresses of the counterparties to such Real Property Lease or Other Contract; (iv) the Rejection Date (as defined below), and (v) with respect to Real Property Leases, the personal property to be abandoned, if any.  The Rejection Notice will also set forth the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  Each Rejection Notice may list multiple Real Property Leases and Other Contracts.

   b.    ***Rejection Date***.  The rejection date for any Real Property Lease or Other

Contract will be the date set forth in the schedule of rejected Real Property Leases and Other Contracts annexed to such Rejection Notice; *provided*, *however*, that the rejection date for the Real Property Leases will be the later of (i) the Debtors' unequivocal surrender of the Leased Premises via the delivery of the keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable lease counterparty and (ii) in the absence of delivering such keys and codes, providing notice to the landlord that the landlord may enter and re-let the Leased Premises (the "**Rejection Date**").

c.      ***Service of Rejection Notice***.   The Debtors will cause the Rejection Notice to be filed and served by overnight mail or electronic mail at least 10 calendar days prior to the proposed Rejection Date upon (i) each Real Property Lease or Other Contract counterparty affected by such Rejection Notice and their counsel, if known, (ii) counsel to the DIP Lender, Vinson & Elkins LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn: David Meyer, Paul Heath, George Howard, and Steven Zundell, (iii) the Office of the United States Trustee for the Southern District of Texas, and (iv) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "**Master Notice Parties**").

d.      ***Objection Procedures***.  Any objection to a proposed rejection of a Real Property Lease or Other Contract[3] (an "**Objection**") must be in writing, filed with the Court, and served by electronic mail on the following parties (collectively, the "**Objection Service Parties**") so as to be ***actually received*** by such parties no later than seven calendar days after the date the Debtors serve the relevant Rejection Notice (the "**Rejection Objection Deadline**") upon (i) proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, Texas 77002, Attn: Gabriel A. Morgan (gabriel.morgan@weil.com) and Clifford W. Carlson (clifford.carlson@weil.com) and 767 Fifth Avenue, New York, New York 10153, Attn: Ray C. Schrock (ray.schrock@weil.com), Ronit J. Berkovich (ronit.berkovich@weil.com), Lauren Tauro (lauren.tauro@weil.com), and Alexander P. Cohen (alexander.cohen@weil.com), (ii) the United States Trustee for the Southern District of Texas, and (iii) counsel to any statutory committee appointed in these chapter 11 cases.

e.      ***No Objection***.  If no Objection is filed and served by the Rejection Objection Deadline, each Real Property Lease or Other Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors

---

[3] An Objection to a particular Real Property Lease or Other Contract listed on a Rejection Notice shall not constitute an Objection to any other Real Property Lease or Other Contract listed on such Rejection Notice, unless otherwise specified in such Objection.

and the counterparty or counterparties to such Real Property Lease(s) or Other Contract(s) agree.

f. ***Unresolved Objections***.   If one or more Objections is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall obtain a hearing date from the Court and file a notice for such hearing to consider the rejection of the Real Property Lease(s) or Other Contract(s) implicated by such Objection(s) and shall provide at least seven days' notice of such hearing to each objecting party and the Objection Service Parties.   If any such Objection is overruled or withdrawn, the Real Property Lease(s) or Other Contract(s) that are the subject of such Objection shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as agreed by the parties or determined by the Court as set forth in any order overruling such Objection.

g. ***Application of Deposits***.   If the Debtors have deposited monies with a Real Property Lease or Other Contract counterparty as a security deposit or other similar arrangement, such counterparty may not setoff, recoup, or otherwise use such monies without the prior authorization of the Court or consent of the Debtors.

h. ***Abandoned Property***.   The Debtors are authorized at any time on or after the applicable Rejection Date, to abandon any of the Debtors' personal property that may be located on the Debtors' Leased Premises that are subject to a rejected Real Property Lease or Other Contract.   The Debtors will generally describe the abandoned personal property in the Rejection Notice.   Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.   Landlords may, in their sole discretion and without further order of the Court, utilize, or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

i. ***Rejection Damages***.   If a Real Property Lease or Other Contract counterparty has a claim for damages as a result of the Debtors' rejection of any applicable Real Property Lease or Other Contracts set forth in the Rejection Notice, such Real Property Lease or Other Contract counterparty must submit a proof of claim on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the Rejection Notice is served, and (iii) any date established by further order of the Court.   If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11

cases.

j. ***Removal from Schedule***.   The Debtors reserve the right to remove any Real Property Lease or Other Contract from the schedule to any Rejection Notice at any time prior to the later of the Rejection Date and the date of entry of an order of the Court approving the rejection.

## Relief Requested Should Be Granted

**A. Implementing Rejection Procedures Is an Appropriate Exercise of the Debtors' Business Judgment**

13.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The purpose behind section 365(a) is "relieve the bankruptcy estate of burdensome agreements which have not been completely performed."  *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petrol., Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 1993) (noting that rejection permits the debtor to renounce title to and abandon burdensome property).

14.     The standard applied by courts in determining whether the rejection of an unexpired lease or executory contract pursuant to section 365(a) of the Bankruptcy Code should be approved is the "business judgment" test, which requires that the debtor have determined that the requested rejection would be beneficial to its estate.  *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Invr's. v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)); *In re Pisces Energy, LLC*, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009); *see also In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009) ("The general rule is that the decision to reject

a given contract should be left to the trustee's (or debtor in possession's) sound business judgment.").

15.    In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject contracts and leases. *See In re Pisces Energy*, 2009 WL 7227880, at *6 ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered."); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.") (internal quotations omitted).

16.    In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to "protect and preserve the estate, including an operating business' going-concern value," on behalf of the debtor's creditors and other parties in interest. 11 U.S.C. § 1107(a); *see In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (citations omitted); *see also In re Penick Pharm., Inc.*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

17.    The ability to reject burdensome unexpired leases and executory contracts is an important tool provided to debtors under the Bankruptcy Code.  As the Debtors undertake a liquidation and wind-down process, it is critical that they have the ability to take quick action to shed burdensome Real Property Leases and Other Contracts.  Absent approval of the proposed Rejection Procedures, the Debtors would need to obtain separate Court approval of each rejection,

which would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that would decrease the economic benefits of rejection. The Rejection Procedures are in the best interests of the Debtors' estates and will allow the Debtors to minimize administrative expenses for rejected Real Property Leases and Other Contracts, maximizing value to the estates for the benefit of all creditors. Further, the Rejection Procedures are fair and reasonable to Real Property Leases and Other Contract counterparties because they afford parties in interest the opportunity to appear and be heard with respect to the rejection of the Real Property Leases and Other Contracts. In addition, the Rejection Procedures will provide clarity and uniformity as to the procedures that will govern most rejections in these chapter 11 cases.

**B.      Retroactive Relief May Be Sought Where Appropriate**

18.     Under sections 365(a) and 105(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions."); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief noting the circumstances favored granting the relief); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("[A] trustee's rejection of a lease should be retroactive to the date that trustee takes affirmative steps to reject said lease . . . ."); *see also Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (noting that "bankruptcy courts may enter

9

retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1065–71 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied*, 546 U.S. 814 (2005).

19.     Approval of the retroactive relief contemplated in the Rejection Procedures is warranted based on a balancing of the equities.  Generally, the Debtors will only seek such relief in instances where they have either vacated the Leased Premises or ceased receiving any benefit under the terms of the Other Contracts prior to the date the Debtors gave the rejection counterparty notice of the Debtors' intent to reject the Real Property Lease or Other Contract.

**C.     Rejection Procedures Provide Interested Parties with Reasonable and Sufficient Notice and Opportunity to Object and Be Heard**

20.     The Rejection Procedures comply with the procedural requirements of the Bankruptcy Rules.  "A proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by [Bankruptcy] Rule 9014."  Fed. R. Bankr. P. 6006(a).  Bankruptcy Rule 9014 provides that:  "In a contested matter . . . , not otherwise governed by [the Bankruptcy Rules], relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Fed. R. Bankr. P. 9014(a).  The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances.  *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").  The Rejection Procedures provide for notice to counterparties to the Real Property Leases and Other Contracts and an opportunity to be heard at a hearing, and thus satisfy the requirements of Bankruptcy Rules 6006(a) and 9014.

21.     Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to reject (or assume or assume and assign) multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f).  *See* Fed. R. Bankr. P. 6006(e).  Bankruptcy Rule 6006(f) sets forth six requirements that motions to reject (or assume or assume and assign) multiple executory contracts or unexpired leases must satisfy.  These requirements are procedural in nature.  Specifically, a motion to reject (or assume or assume and assign) multiple executory contracts or unexpired leases that are not between the same parties shall:

    a.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b.    list parties alphabetically and identify the corresponding contract or lease;

    c.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

    d.    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    e.    be numbered consecutively with other omnibus motions to assume and assign or reject executory contracts or unexpired leases; and

    f.    be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

22.     The Rejection Procedures satisfy Bankruptcy Rule 6006(f).  The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to the Debtors' Real Property Leases and Other Contracts.  The Rejection Procedures afford rejection counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard.  Moreover, Court oversight is maintained in the event of an objection.  Furthermore, counterparties will be able to locate their Real Property Leases and Other Contracts

11

and readily determine whether their Real Property Leases and Other Contracts are being assumed or rejected because the proposed rejection notices will list parties alphabetically and identify the corresponding contract.  The Debtors will comply with all applicable procedural requirements of Bankruptcy Rule 6006(f) when serving the Rejection Notices.

23.     Under the circumstances, obtaining separate Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that would decrease the economic benefits of rejection or assumption and assignment.  Therefore, the Debtors request approval of the Rejection Procedures as the most efficient and economical way for the Debtors to address any rejection of their Real Property Leases and Other Contracts.

**D.     Abandonment of Remaining Property in Leased Premises Should Be Approved**

24.     The Debtors also request authority to abandon on the Rejection Date any De Minimis Assets remaining at the Leased Premises of the applicable leases that the Debtors determine is not necessary for their liquidation and too difficult to remove or expensive to store. With respect to such De Minimis Assets, the economic benefits of removing or storing such remaining property would be outweighed by the attendant costs.  The De Minimis Assets would primarily consist of fixtures, furniture, and equipment.  To the best of the Debtors' knowledge, the abandonment of the De Minimis Assets would not be in violation of any state or local statutes or regulations reasonably designed to protect the public health or safety.

25.     Under section 554(a) of the Bankruptcy Code, a debtor, after notice and a hearing, is authorized to "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  The right to abandon property is virtually unfettered, unless (i) abandonment of the property will contravene laws designed to protect public health and safety or (ii) the property poses an imminent threat to the

public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant here.

26. The proposed abandonment of the De Minimis Assets is necessary for the efficient administration of the Debtors' estates by providing the Debtors with a streamlined mechanism by which they can (i) stop the accrual of expenses associated with retaining De Minimis Assets, (ii) avoid the often difficult and expensive process of locating buyers for assets that are damaged or in premises that the Debtors no longer use, and (iii) minimize any distraction that may result from the challenges involved in attempting to sell illiquid assets that are of inconsequential value to the Debtors' estates.

27. Accordingly, abandonment of the De Minimis Assets at the applicable Leased Premises should be approved.

## Reservation of Rights

28. Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder, or (vii) an approval, assumption, adoption, or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve all of their rights with respect to the foregoing matters. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as

an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## **Notice**

29.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## **No Previous Request**

30.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  August 9, 2024
       Houston, Texas

                                  */s/  Gabriel A. Morgan*
                                  WEIL, GOTSHAL & MANGES LLP
                                  Gabriel A. Morgan (24125891)
                                  Clifford W. Carlson (24090024)
                                  700 Louisiana Street, Suite 3700
                                  Houston, Texas 77002
                                  Telephone:  (713) 546-5000
                                  Facsimile:  (713) 224-9511
                                  Email:   Gabriel.Morgan@weil.com
                                               Clifford.Carlson@weil.com

                                  -and-

                                  WEIL, GOTSHAL & MANGES LLP
                                  Ray C. Schrock (*pro hac vice* pending)
                                  Ronit J. Berkovich (*pro hac vice* pending)
                                  Lauren Tauro (*pro hac vice* pending)
                                  Alexander P. Cohen (24109739)
                                  767 Fifth Avenue
                                  New York, New York 10153
                                  Telephone:  (212) 310-8000
                                  Facsimile:  (212) 310-8007
                                  Email:   Ray.Schrock@weil.com
                                               Ronit.Berkovich@weil.com
                                               Lauren.Tauro@weil.com
                                               Alexander.Cohen@weil.com

                                  *Proposed Attorneys for Debtors*
                                  *and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on August 9, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.


                                    _/s/ Gabriel A. Morgan_
                                    Gabriel A. Morgan

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **DRF LOGISTICS, LLC**, *et al.*, | § | **Case No. 24-90447 (CML)** |
| | § | |
| | § | **(Joint Administration Requested)** |
| Debtors.**¹** | § | **Re: Docket No. ___** |

### ORDER (I) APPROVING PROCEDURES TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated August 9, 2024 (the "**Motion**")² of DRF Logistics, LLC and DRF, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006, 6007, and 9014, the Debtors request (i) approval of procedures for rejecting Real Property Leases and Other Contracts and (ii) related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DRF Logistics, LLC (6861) and DRF, LLC (7236). The Debtors' mailing address is 7171 Southwest Parkway, Bldg. 300, Suite 400, Austin, TX 78735.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors

and their respective estates and creditors; and upon all of the proceedings had before this Court

and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1.       The Debtors are authorized, but not required, to reject Real Property Leases

and Other Contracts in accordance with the following Rejection Procedures:

   a.    ***Rejection Notice***.    The Debtors shall file one or more notices substantially in the form attached to the Proposed Order as <u>Exhibit 1</u> (each, a "**Rejection Notice**") to reject Real Property Leases and Other Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice(s) shall set forth (i) the Real Property Lease or Other Contract to be rejected, (ii) the Debtor(s) party to such Real Property Lease or Other Contract, (iii) the names and addresses of the counterparties to such Real Property Lease or Other Contract; (iv) the Rejection Date (as defined below), and (v) with respect to Real Property Leases, the personal property to be abandoned, if any.  The Rejection Notice shall also set forth the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  Each Rejection Notice may list multiple Real Property Leases and Other Contracts.

   b.    ***Rejection Date***.  The rejection date for any Real Property Lease or Other Contract shall be the date set forth in the schedule of rejected Real Property Leases and Other Contracts annexed to such Rejection Notice; *provided*, *however*, that the rejection date for the Real Property Leases shall be the later of (i) the Debtors' unequivocal surrender of the Leased Premises via the delivery of the keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable lease counterparty and (ii) in the absence of delivering such keys and codes, providing notice to the landlord that the landlord may enter and re-let the Leased Premises (the "**Rejection Date**").

   c.    ***Service of Rejection Notice***.    The Debtors shall cause the Rejection Notice to be filed and served by overnight mail or electronic mail at least 10 calendar days prior to the proposed Rejection Date upon (i) each Real Property Lease or Other Contract counterparty affected by such Rejection Notice and their counsel, if known, (ii) counsel to the DIP Lender, Vinson & Elkins LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn: David Meyer, Paul Heath, George Howard, and Steven Zundell, (iii) the Office of the United States Trustee for the

Southern District of Texas, and (iv) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "**Master Notice Parties**").

d.    ***Objection Procedures***.  Any objection to a proposed rejection of a Real Property Lease or Other Contract[3] (an "**Objection**") must be in writing, filed with the Court, and served by electronic mail on the following parties (collectively, the "**Objection Service Parties**") so as to be ***actually received*** by such parties no later than seven calendar days after the date the Debtors serve the relevant Rejection Notice (the "**Rejection Objection Deadline**") upon (i) proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, Texas 77002, Attn:  Gabriel A. Morgan (gabriel.morgan@weil.com) and Clifford W. Carlson (clifford.carlson@weil.com) and 767 Fifth Avenue, New York, New York 10153, Attn: Ray C. Schrock (ray.schrock@weil.com), Ronit J. Berkovich (ronit.berkovich@weil.com), Lauren Tauro (lauren.tauro@weil.com), and Alexander P. Cohen (alexander.cohen@weil.com), (ii) the United States Trustee for the Southern District of Texas, and (iii) counsel to any statutory committee appointed in these chapter 11 cases.

e.    ***No Objection***.   If no Objection is filed and served by the Rejection Objection Deadline, each Real Property Lease or Other Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Real Property Lease(s) or Other Contract(s) agree.

f.    ***Unresolved Objections***.   If one or more Objections is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall obtain a hearing date from the Court and file a notice for such hearing to consider the rejection of the Real Property Lease(s) or Other Contract(s) implicated by such Objection(s) and shall provide at least seven days' notice of such hearing to each objecting party and the Objection Service Parties.   If any such Objection is overruled or withdrawn, the Real Property Lease(s) or Other Contract(s) that are the subject of such Objection shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as agreed by the parties or determined by the Court as set forth in any order overruling such Objection.

g.    ***Application of Deposits***.  If the Debtors have deposited monies with a Real Property Lease or Other Contract counterparty as a security deposit

---

[3] An Objection to a particular Real Property Lease or Other Contract listed on a Rejection Notice shall not constitute an Objection to any other Real Property Lease or Other Contract listed on such Rejection Notice, unless otherwise specified in such Objection.

or other similar arrangement, such counterparty may not setoff, recoup, or otherwise use such monies without the prior authorization of the Court or consent of the Debtors.

h.   ***Abandoned Property***.   The Debtors are authorized at any time on or after the applicable Rejection Date, to abandon any of the Debtors' personal property that may be located on the Debtors' Leased Premises that are subject to a rejected Real Property Lease or Other Contract.   The Debtors shall generally describe the abandoned personal property in the Rejection Notice.   Absent a timely objection, the property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.   Landlords may, in their sole discretion and without further order of the Court, utilize, or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

i.   ***Rejection Damages***.   If a Real Property Lease or Other Contract counterparty has a claim for damages as a result of the Debtors' rejection of any applicable Real Property Lease or Other Contracts set forth in the Rejection Notice, such Real Property Lease or Other Contract counterparty must submit a proof of claim on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the Rejection Notice is served, and (iii) any date established by further order of the Court.   If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

j.   ***Removal from Schedule***.   The Debtors reserve the right to remove any Real Property Lease or Other Contract from the schedule to any Rejection Notice at any time prior to the later of the Rejection Date and the date of entry of an order of the Court approving the rejection.

2.   The form of Rejection Notice annexed to this Order as **<u>Exhibit 1</u>** is approved.

3.   The Debtors are authorized to abandon any De Minimis Assets or otherwise burdensome property located at any Leased Premises, including fixtures, furniture, and equipment, without any liability to any landlords (with the exception of any lease rejection damages claims).

4. With respect to any De Minimis Assets abandoned at one of the Leased Premises, the applicable landlord or other designee shall be free to dispose of such property without notice or liability to any party and without further notice or order of the Court and, to the extent applicable, the automatic stay is modified to allow such disposition.

5. Entry of this Order and approval of the Rejection Procedures set forth herein shall not prevent the Debtors from seeking to reject any Real Property Lease or Other Contract by separate motion or pursuant to a chapter 11 plan.

6. The Debtors may not abandon any toxic or hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) material, if any, at the Leased Premises, and must remove all such materials from the Leased Premises designated for rejection prior to rejection.

7. Nothing contained in the Motion or this Order or any actions taken pursuant to such relief granted by this Order is intended to be or shall be deemed as (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (vi) an agreement or obligation to pay any claims, (vii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, or (viii) an approval, assumption, adoption, or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code.

8.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of rejection of a Real Property Lease or Other Contract, including any right to assert an offset, recoupment, counterclaim, or deduction.

9.      The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

10.      This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2024
          Houston, Texas

                                        _____
                                        CHRISTOPHER M. LOPEZ
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Rejection Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **DRF LOGISTICS, LLC,** *et al.*, | § | Case No. 24-90447 (CML) |
| | § | |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |

NOTICE OF REJECTION OF
<u>CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

<div style="border:1px solid black; padding:8px;">

<u>**BANKRUPTCY RULE 6006 NOTICE TO UNEXPIRED LEASE COUNTERPARTIES**</u>

**PURSUANT TO BANKRUPTCY RULE 6006, PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR RESPECTIVE NAMES AND EXECUTORY CONTRACTS OR UNEXPIRED LEASES LISTED ON <u>SCHEDULE 1</u> ANNEXED HERETO.**

</div>

      **PLEASE TAKE NOTICE** that, on August 8, 2024 (the "**Petition Date**"),[2] DRF Logistics, LLC and DRF, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), each commenced with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

      **PLEASE TAKE FURTHER NOTICE** that, on [●], 2024, the Bankruptcy Court entered an order (Docket No. [●]) (the "**Rejection Procedures Order**") approving, among other relief, certain procedures for the rejection of the Debtors' executory contracts and unexpired leases. An electronic copy of the Rejection Procedures Order can be found at https://cases.stretto.com/DRFLogistics .

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Rejection Procedures Order, the Debtors hereby give notice (this "**Rejection Notice**") of their intent to reject the unexpired leases of nonresidential real property (together with any amendments or modifications thereto, the "**Real Property Leases**") and other remaining executory contracts and unexpired

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DRF Logistics, LLC (6861) and DRF, LLC (7236). The Debtors' mailing address is 7171 Southwest Parkway, Bldg. 300, Suite 400, Austin, TX 78735.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion of Debtors for an Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (Docket No. [●]).

leases (the "**Other Contracts**") set forth on the schedule annexed hereto as __Schedule 1__, effective as of the date set forth in the schedule of rejected Real Property Leases and Other Contracts annexed hereto as __Schedule 1__; *provided*, *however*, that the rejection date for the Real Property Leases will be the later of (i) the Debtors' unequivocal surrender of the Leased Premises via the delivery of the keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable lease counterparty and (ii) in the absence of delivering such keys and codes, providing notice to the landlord that the landlord may enter and re-let the Leased Premises (the "**Rejection Date**"). The Debtors intend to abandon the personal property remaining in or on the property that is the subject of the above-referenced Real Property Lease (the "**Leased Premises**") as described in __Schedule 1__ (if any). Pursuant to the terms of the Rejection Procedures Order, the landlord shall be entitled to dispose of such abandoned personal property without further notice or order from this Court and without liability for such disposal.

   **PLEASE TAKE FURTHER NOTICE** that, any party wishing to object to the Debtors' proposed rejection of a Real Property Lease or Other Contract, or abandonment of personal property remaining on the Leased Premises, if applicable, must file with the Bankruptcy Court and serve a written objection setting forth the legal and factual bases for such objection (an "**Objection**")[3] <u>so that it is actually filed with the Bankruptcy Court and served on the following parties no later than seven days after the date the Debtors serve the relevant Rejection Notice</u> (the "**Rejection Objection Deadline**"): (i) proposed counsel to the Debtors, (A) Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, Texas 77002, Attn: Gabriel A. Morgan (gabriel.morgan@weil.com) and Clifford W. Carlson (clifford.carlson@weil.com) and 767 Fifth Avenue, New York, New York 10153, Attn: Ray C. Schrock (ray.schrock@weil.com), Ronit J. Berkovich (ronit.berkovich@weil.com), Lauren Tauro (lauren.tauro@weil.com), and Alexander P. Cohen (alexander.cohen@weil.com); (ii) the United States Trustee for the Southern District of Texas; and (iii) counsel to any official committee appointed in these chapter 11 cases.

   **PLEASE TAKE FURTHER NOTICE** that, if no Objection is filed and served in compliance with the foregoing, each Real Property Lease and Other Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Real Property Lease(s) or Other Contracts(s) agree.

   **PLEASE TAKE FURTHER NOTICE** that, if an Objection is properly filed and served in compliance with the foregoing and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the rejection of the Real Property Lease(s) or Other Contracts(s) implicated by such Objection(s) and shall provide at least seven days' notice of such hearing to each objecting party and the Objection Service Parties. If any such Objection is overruled or withdrawn, the Real Property Lease(s) or Other Contract(s) that are the subject of such Objection shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as agreed by the parties or determined by the Court as set forth in any order overruling such Objection.

---

[3] Any Objection to any particular Real Property Lease or Other Contract listed in this Rejection Notice must state with specificity the Real Property Lease or Other Contract to which it is directed. An Objection to any particular Real Property Lease or Other Contract listed in this Rejection Notice shall not constitute an Objection to any other Real Property Lease or Other Contract listed in this Rejection Notice, unless otherwise specified in such Objection.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with a counterparty to a Real Property Lease or Other Contract as a security deposit or other similar arrangement, such Real Property Lease or Other Contract counterparty may not setoff, recoup, or otherwise use such monies without the prior authorization of this Court or consent of the Debtors.

    **PLEASE TAKE FURTHER NOTICE** that, absent timely Objection, any personal property of the Debtors that is listed and described in **<u>Schedule 1</u>** shall be deemed abandoned as of the Rejection Date.

    **PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim(s) for any damages as a result of the Debtors' rejection of your Real Property Lease(s) or Other Contract(s), you must submit a proof claim relating to the rejection of the applicable Real Property Lease(s) or Other Contract(s) by the later of:  (i) the claims bar date established in these chapter 11 cases, if any; (ii) 4:00 p.m. (Central Time) on the date that is 30 days after the date that the Debtors served this Rejection Notice; and (iii) any date established by further order of the Court.  **IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (I) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (II) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (III) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

Dated: [●], 2024
      Houston, Texas

                                         /s/
                                    WEIL, GOTSHAL & MANGES LLP
                                    Gabriel A. Morgan (24125891)
                                    Clifford W. Carlson (24090024)
                                    700 Louisiana Street, Suite 3700
                                    Houston, Texas 77002
                                    Telephone:  (713) 546-5000
                                    Facsimile:  (713) 224-9511
                                    Email:   Gabriel.Morgan@weil.com
                                                Clifford.Carlson@weil.com

                                    -and-

                                    WEIL, GOTSHAL & MANGES LLP
                                    Ray C. Schrock (*pro hac vice* pending)
                                    Ronit J. Berkovich (*pro hac vice* pending)
                                    Lauren Tauro (*pro hac vice* pending)
                                    Alexander P. Cohen (24109739)
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone:  (212) 310-8000
                                    Facsimile:  (212) 310-8007
                                    Email:   Ray.Schrock@weil.com
                                                  Ronit.Berkovich@weil.com
                                                Lauren.Tauro@weil.com
                                                Alexander.Cohen@weil.com

                                  *Proposed Attorneys for Debtors*
                                  *and Debtors in Possession*

**<u>Schedule 1</u>**

**Real Property Leases and Other Contracts to Be Rejected[1]**

| Landlord / Counterparty Name | Property / Noticing Address | Debtor Counterparty | Description of Lease or Contract | Personal Property to Be Abandoned | Rejection Date |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

---

[1] The inclusion of an Other Contract on this list does not constitute an admission as to the executory or non-executory nature of such Other Contract or expired or unexpired nature of such Real Property Lease or such Other Contract if it is a lease, or as to the existence or validity of any claims held by the counterparty or counterparties to such Real Property Lease or Other Contract.