United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| DRF LOGISTICS, LLC, *et al.*, | Case No. 24-90447 (CML) |
|  | (Jointly Administered) |
| Debtors.[1] | Re: Docket No. 13 |

### ORDER (I) APPROVING PROCEDURES TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion, dated August 9, 2024 (the "**Motion**")[2] of DRF Logistics, LLC and DRF, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**"), pursuant to sections 105(a), 365, and 554 of the Bankruptcy Code and Bankruptcy Rules 6006, 6007, and 9014, the Debtors request (i) approval of procedures for rejecting Real Property Leases and Other Contracts and (ii) related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DRF Logistics, LLC (6861) and DRF, LLC (7236). The Debtors' mailing address is 7171 Southwest Parkway, Bldg. 300, Suite 400, Austin, TX 78735.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not required, to reject Real Property Leases and Other Contracts in accordance with the following Rejection Procedures:

    a. ***Rejection Notice***. The Debtors shall file one or more notices substantially in the form attached to this Order as <u>Exhibit 1</u> (each, a "**Rejection Notice**") to reject Real Property Leases and Other Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice(s) shall set forth (i) the Real Property Lease or Other Contract to be rejected, (ii) the Debtor(s) party to such Real Property Lease or Other Contract, (iii) the names and addresses of the counterparties to such Real Property Lease or Other Contract, (iv) the Rejection Date (as defined below), and (v) with respect to Real Property Leases, the personal property to be abandoned, if any. The Rejection Notice shall also set forth the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Debtors shall obtain the consent of the DIP Lender (such consent not to be unreasonably withheld) prior to including on a Rejection Notice any Real Property Lease or Other Contract pursuant to which the DIP Lender or one of its affiliates is also a counterparty thereunder. Each Rejection Notice may list multiple Real Property Leases and Other Contracts.

    b. ***Rejection Date***. The rejection date for any Real Property Lease or Other Contract shall be the date set forth in the schedule of rejected Real Property Leases and Other Contracts annexed to such Rejection Notice; *provided*, *however*, that the rejection date for the Real Property Leases shall be the later of (i) the Debtors' unequivocal surrender of the Leased Premises via the delivery of the keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable landlord, by notifying the affected landlord in writing, with email being sufficient, and (ii) in the absence of delivering such keys and codes, providing written notice, with email being sufficient, to the affected landlord that such landlord may enter and re-let the Leased Premises (the "**Rejection Date**").

    c. ***Service of Rejection Notice***. The Debtors shall cause the Rejection Notice to be filed and served by overnight mail (and electronic mail, if

known) upon (i) each Real Property Lease or Other Contract counterparty affected by such Rejection Notice and their counsel, if known, (ii) counsel to the DIP Lender, Gibson, Dunn & Crutcher LLP, 200 Park Ave., New York, NY 10166, Attn: Matthew J. Williams, Keith Martorana, and C. Lee Wilson, (iii) the Office of the United States Trustee for the Southern District of Texas, and (iv) counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, TX 75201, Attn: Charles R. Gibbs and Marcus Helt and One Vanderbilt Avenue, New York, NY 10017, Attn: Darren Azman and Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Jeffrey L. Cohen, David M. Posner, Gianfranco Finizio, and Kelly E. Moynihan. The Debtors shall also provide the Committee, on a professional eyes only basis, with the Debtors' best estimate of the rejection damages associated with each Real Property Lease and Other Contract proposed to be rejected under the relevant Rejection Notice at the time the Rejection Notice is filed or shortly thereafter, in each case solely to the extent reasonably available.

d. ***Objection Procedures***. Parties objecting to a proposed rejection of a Real Property Lease or Other Contract[3] must file a written objection setting forth the legal and factual bases for such objection (an "**Objection**") so that the Objection is filed with the Court and is actually received by (i) proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, Texas 77002, Attn: Gabriel A. Morgan (gabriel.morgan@weil.com) and Clifford W. Carlson (clifford.carlson@weil.com) and 767 Fifth Avenue, New York, New York 10153, Attn: Ray C. Schrock (ray.schrock@weil.com), Ronit J. Berkovich (ronit.berkovich@weil.com), Lauren Tauro (lauren.tauro@weil.com), and Alexander P. Cohen (alexander.cohen@weil.com), (ii) counsel to the DIP Lender, Gibson, Dunn & Crutcher LLP, 200 Park Ave., New York, NY 10166, Attn: Matthew J. Williams, Keith Martorana, and C. Lee Wilson, (iii) the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, TX 77002, Attn: Andrew Jiménez, and (iv) counsel to the Official Committee of Unsecured Creditors, McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, TX 75201, Attn: Charles R. Gibbs (crgibbs@mwe.com) and Marcus Helt (mhelt@mwe.com) and One Vanderbilt Avenue, New York, NY 10017, Attn: Darren Azman (dazman@mwe.com) and Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Jeffrey L. Cohen (jcohen@lowenstein.com), David M. Posner (dposner@lowenstein.com), Gianfranco Finizio

---

[3] An Objection to a particular Real Property Lease or Other Contract listed on a Rejection Notice shall not constitute an Objection to any other Real Property Lease or Other Contract listed on such Rejection Notice, unless otherwise specified in such Objection.

3

(gfinizio@lowenstein.com), and Kelly E. Moynihan (kmoynihan@lowenstein.com) (collectively, the "**Objection Service Parties**"), no later than 14 days after the date the Debtors serve the relevant Rejection Notice (the "**Rejection Objection Deadline**").

e. *No Objection*. If no Objection is filed and served by the Rejection Objection Deadline, each Real Property Lease or Other Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Real Property Lease(s) or Other Contract(s) agree, in consultation with the DIP Lender and the Committee.

f. *Unresolved Objections*. If one or more Objections is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall obtain a hearing date from the Court and file a notice for such hearing to consider the rejection of the Real Property Lease(s) or Other Contract(s) implicated by such Objection(s) and shall provide at least seven days' notice of such hearing to each objecting party and the Objection Service Parties. If any such Objection is overruled or withdrawn, the Real Property Lease(s) or Other Contract(s) that are the subject of such Objection shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as agreed by the parties or determined by the Court as set forth in any order overruling such Objection.

g. *Application of Deposits*. If the Debtors have deposited monies with a Real Property Lease or Other Contract counterparty as a security deposit or other similar arrangement, such counterparty may not setoff, recoup, or otherwise use such monies without the prior authorization of the Court or consent of the Debtors.

h. *Abandoned Property*. Subject to the terms of this Order, the Debtors are authorized at any time on or after the applicable Rejection Date, in consultation with the DIP Lender and the Committee, to abandon any of the Debtors' personal property that may be located on the Debtors' Leased Premises. The Debtors shall generally describe the abandoned personal property in the Rejection Notice. Absent a timely objection, the property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further order of the Court, utilize, or dispose of the Debtors' property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

i. *Rejection Damages*. If a Real Property Lease or Other Contract counterparty has a claim for damages as a result of the Debtors' rejection

4

      of any applicable Real Property Lease or Other Contracts set forth in the Rejection Notice, such Real Property Lease or Other Contract counterparty must submit a proof of claim on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the Rejection Notice is served, and (iii) any date established by further order of this Court.  If no proof of claim is timely filed, such claimant shall be forever barred from (i) asserting a claim for damages arising from the rejection, (ii) voting on any chapter 11 plan filed in these cases on account of such claim, and (iii) participating in any distributions that may be made in connection with these chapter 11 cases on account of such claim.

  j. ***Return of Leased Property***.  Personal property that is subject to Other Contracts that are rejected pursuant to these Rejection Procedures will be made available to each applicable lessor "as is, where is," and the Debtors will negotiate in good faith with each applicable lessor to determine a mutually convenient date and time for the applicable lessor to retrieve its personal property.  The Debtors make no representation or warranty regarding the condition or state of title of such property.  If such property is non-serviceable, the Debtors are under no obligation to repair such property to make it serviceable.  For the avoidance of doubt, if any personal property subject to an Other Contract remains on any Leased Premise after the later of the Rejection Date for such Other Contract or other date agreed to between the Debtors and the applicable lessor as set forth in this subparagraph, the Debtors shall not be liable for any use or disposal of such remaining property.

  k. ***Removal from Schedule***.  The Debtors reserve the right to remove any Real Property Lease or Other Contract from the schedule to any Rejection Notice at any time prior to the later of the Rejection Date and the date of entry of an order of the Court approving the rejection, as applicable; *provided, however*, that the consent of the DIP Lender (such consent not to be unreasonably withheld) shall be required for the removal of any Real Property Lease or Other Contract from the schedule to any Rejection Notice in accordance with this provision if the DIP Lender or one of its affiliates is also a counterparty under such Real Property Lease or Other Contract.

2. The form of Rejection Notice annexed to this Order as **Exhibit 1** is approved.

3. The Debtors are authorized, in consultation with the DIP Lender and the Committee, to abandon any De Minimis Assets or otherwise burdensome property owned by the

5

Debtors located at any Leased Premises, including fixtures, furniture, and equipment, without any liability to any landlords (with the exception of any lease rejection damages claims).

4. With respect to any De Minimis Assets or otherwise burdensome property owned by the Debtors and abandoned at one of the Leased Premises, the applicable landlord or other designee shall be free to dispose of such property without notice or liability to any party and without further notice or order of the Court and, to the extent applicable, the automatic stay is modified to allow such disposition.

5. Entry of this Order and approval of the Rejection Procedures set forth herein shall not prevent the Debtors from seeking to reject any Real Property Lease or Other Contract by separate motion or pursuant to a chapter 11 plan.

6. The Debtors may not abandon any toxic or hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) material, if any, at the Leased Premises, and must remove all such materials from the Leased Premises designated for rejection prior to rejection.

7. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any of the Debtors' or any party in interest's claims or causes of action that may exist against any creditor,

interest holder, or other party in interest, or (vii) an approval, assumption, adoption, or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code.

8.  All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of rejection of a Real Property Lease or Other Contract, including any right to assert an offset, recoupment, counterclaim, or deduction.

9.  The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

10. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: September 16, 2024

Christopher Lopez
United States Bankruptcy Judge

**<u>Exhibit 1</u>**

**Rejection Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| DRF LOGISTICS, LLC, *et al.*, | § § § § | Case No. 24-90447 (CML) |
| Debtors.[1] | § | (Jointly Administered) |

NOTICE OF REJECTION OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

> **BANKRUPTCY RULE 6006 NOTICE TO UNEXPIRED LEASE COUNTERPARTIES**
>
> **PURSUANT TO BANKRUPTCY RULE 6006, PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR RESPECTIVE NAMES AND EXECUTORY CONTRACTS OR UNEXPIRED LEASES LISTED ON SCHEDULE 1 ANNEXED HERETO.**

**PLEASE TAKE NOTICE** that, on August 8, 2024 (the "**Petition Date**"),[2] DRF Logistics, LLC and DRF, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**"), each commenced with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2024, the Bankruptcy Court entered an order (Docket No. [●]) (the "**Rejection Procedures Order**") approving, among other relief, certain procedures for the rejection of the Debtors' executory contracts and unexpired leases. An electronic copy of the Rejection Procedures Order can be found at https://cases.stretto.com/DRFLogistics .

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Rejection Procedures Order, the Debtors hereby give notice (this "**Rejection Notice**") of their intent to reject the unexpired leases of nonresidential real property (together with any amendments or modifications thereto, the "**Real Property Leases**") and other remaining executory contracts and unexpired

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: DRF Logistics, LLC (6861) and DRF, LLC (7236). The Debtors' mailing address is 7171 Southwest Parkway, Bldg. 300, Suite 400, Austin, TX 78735.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion of Debtors for an Order (I) Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (Docket No. 13).

leases (the "**Other Contracts**") set forth on the schedule annexed hereto as **Schedule 1**, effective as of the date set forth in the schedule of rejected Real Property Leases and Other Contracts annexed hereto as **Schedule 1**; *provided*, *however*, that the rejection date for the Real Property Leases will be the later of (i) the Debtors' unequivocal surrender of the Leased Premises via the delivery of the keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable landlord, by notifying the affected landlord in writing, with email being sufficient, and (ii) in the absence of delivering such keys and codes, providing written notice, with email being sufficient, to the affected landlord that such landlord may enter and re-let the Leased Premises (the "**Rejection Date**"). The Debtors, in consultation with the DIP Lender and the Committee, intend to abandon their personal property remaining in or on the property that is the subject of the above-referenced Real Property Lease (the "**Leased Premises**") as described in **Schedule 1** (if any). Pursuant to the terms of the Rejection Procedures Order, the landlord shall be entitled to dispose of such abandoned personal property without further notice or order from this Court and without liability for such disposal.

**PLEASE TAKE FURTHER NOTICE** that, any party wishing to object to the Debtors' proposed rejection of a Real Property Lease or Other Contract, or abandonment of personal property remaining on the Leased Premises, if applicable, must file a written objection setting forth the legal and factual bases for such objection (an "**Objection**")[3] so that it is filed with the Bankruptcy Court and actually received by the following parties no later than 14 days after the date the Debtors serve the relevant Rejection Notice (the "**Rejection Objection Deadline**"): (i) proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, Texas 77002, Attn: Gabriel A. Morgan (gabriel.morgan@weil.com) and Clifford W. Carlson (clifford.carlson@weil.com) and 767 Fifth Avenue, New York, New York 10153, Attn: Ray C. Schrock (ray.schrock@weil.com), Ronit J. Berkovich (ronit.berkovich@weil.com), Lauren Tauro (lauren.tauro@weil.com), and Alexander P. Cohen (alexander.cohen@weil.com); (ii) counsel to the DIP Lender, Gibson, Dunn & Crutcher LLP, 200 Park Ave., New York, NY 10166, Attn: Matthew J. Williams, Keith Martorana, and C. Lee Wilson, (iii) the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, TX 77002, Attn: Andrew Jiménez, and (iv) counsel to the Official Committee of Unsecured Creditors, McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, TX 75201, Attn: Charles R. Gibbs (crgibbs@mwe.com) and Marcus Helt (mhelt@mwe.com) and One Vanderbilt Avenue, New York, NY 10017, Attn: Darren Azman (dazman@mwe.com) and Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Jeffrey L. Cohen (jcohen@lowenstein.com), David M. Posner (dposner@lowenstein.com), Gianfranco Finizio (gfinizio@lowenstein.com), and Kelly E. Moynihan (kmoynihan@lowenstein.com) (collectively, the "**Objection Service Parties**").

**PLEASE TAKE FURTHER NOTICE** that, if no Objection is filed and served in compliance with the foregoing, each Real Property Lease and Other Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection

---

[3] Any Objection to any particular Real Property Lease or Other Contract listed in this Rejection Notice must state with specificity the Real Property Lease or Other Contract to which it is directed. An Objection to any particular Real Property Lease or Other Contract listed in this Rejection Notice shall not constitute an Objection to any other Real Property Lease or Other Contract listed in this Rejection Notice, unless otherwise specified in such Objection.

2

Notice or such other date as the Debtors and the counterparty or counterparties to such Real Property Lease(s) or Other Contracts(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, if an Objection is properly filed and served in compliance with the foregoing and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the rejection of the Real Property Lease(s) or Other Contracts(s) implicated by such Objection(s) and shall provide at least seven days' notice of such hearing to each objecting party and the Objection Service Parties.  If any such Objection is overruled or withdrawn, the Real Property Lease(s) or Other Contract(s) that are the subject of such Objection shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as agreed by the parties or determined by the Court as set forth in any order overruling such Objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with a counterparty to a Real Property Lease or Other Contract as a security deposit or other similar arrangement, such Real Property Lease or Other Contract counterparty may not setoff, recoup, or otherwise use such monies without the prior authorization of this Court or consent of the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, absent timely Objection, any personal property of the Debtors that is listed and described in **Schedule 1** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that personal property that is subject to Other Contracts will be made available to each applicable lessor "as is, where is," and the Debtors will negotiate in good faith with each applicable lessor to determine a mutually convenient date and time for the applicable lessor to retrieve its personal property.  The Debtors make no representation or warranty regarding the condition or state of title of such property.  If such property is non-serviceable, the Debtors are under no obligation to repair such property to make it serviceable.  For the avoidance of doubt, if any personal property subject to an Other Contract remains on any Leased Premise after the later of the Rejection Date for such Other Contract or other date agreed to between the Debtors and applicable lessor as set forth in this subparagraph, the Debtors shall not be liable for any use or disposal of such remaining property.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right to remove any Real Property Lease or Other Contract from the schedule to any Rejection Notice at any time prior to the later of the Rejection Date and the date of entry of an order of the Court approving the rejection, as applicable; *provided, however*, that the consent of the DIP Lender (such consent not to be unreasonably withheld) shall be required for the removal of any Real Property Lease or Other Contract from the schedule to any Rejection Notice in accordance with this provision if the DIP Lender or one of its affiliates is also a counterparty under such Real Property Lease or Other Contract.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim(s) for any damages as a result of the Debtors' rejection of your Real Property Lease(s) or Other Contract(s), you must submit a proof claim relating to the rejection of the applicable Real Property Lease(s) or Other Contract(s) by the later of:  (i) the deadline for filing proofs of claim established in these chapter 11 cases; (ii) 4:00 p.m. (Central Time) on the first business day that is

30 calendar days after the Rejection Notice is served; and (iii) any date established by further order of the Court.  **IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (I) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (II) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (III) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

Dated:  [●], 2024
      Houston, Texas

                                                      */s/*

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
            Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Lauren Tauro (admitted *pro hac vice*)
Alexander P. Cohen (24109739)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
            Ronit.Berkovich@weil.com
            Lauren.Tauro@weil.com
            Alexander.Cohen@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Schedule 1**

**Real Property Leases and Other Contracts to Be Rejected**[1]

| Landlord / Counterparty Name | Property / Noticing Address | Debtor Counterparty | Description of Lease or Contract | Personal Property to Be Abandoned | Rejection Date |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

---

[1] The inclusion of an Other Contract on this list does not constitute an admission as to the executory or non-executory nature of such Other Contract or expired or unexpired nature of such Real Property Lease or such Other Contract if it is a lease, or as to the existence or validity of any claims held by the counterparty or counterparties to such Real Property Lease or Other Contract.